DAVID COHEN *vs.* THE HOME INSURANCE COMPANY, a corporation of the State of New York.

1. INSURANCE—COMPLAINT—CONDITIONS PRECEDENT—NECESSARY ALLEGATIONS.

In a declaration on an insurance policy containing numerous conditions, a general allegation of performance thereof by the plaintiff is ordinarily sufficient, since the rule requiring performance to be specially shown, admits of relaxation when the subject comprehends such multiplicity of matter as would lead to great prolixity.

2. INSURANCE—DECLARATION—PREVENTION—WAIVER AND ESTOPPEL—NECESSARY ALLEGATIONS—SPECIAL DEMURRER.

But such rule cannot, as against a special demurrer, be properly extended to matters of prevention, waiver, or estoppel relied upon in lieu of performance, since the defendant has a right to know what facts are relied upon as constituting such prevention, waiver, or estoppel, and cannot be compelled to join issue on the entire field of possible excuses for nonperformance caused by its act.

3. PLEADING—DECLARATION—SEPARATE CAUSES—JOINDER IN SINGLE COUNT.

Where a count in a declaration in an action for loss under insurance policies, declared on two separate policies, it was bad as joining two distinct causes of action in a single count.

(*December* 7, 1915.)

Judges BOYCE and RICE sitting.

*Robert H. Richards* and *Aaron Finger* for plaintiff.

*Saulsbury, Morris* and *Rodney*, with *E. S. Stockbridge* of Baltimore, Md., for defendant.

Superior Court, New Castle County, November Term, 1915.

29 Del.]     Cohen vs. The Home Insurance Co.     7

Statement—Opinion.

Action of Debt, No. 71, January Term, 1915.

Action by David Cohen against the Home Insurance Company, a corporation of the State of New York. On general and special demurrer to the declaration. The general character of the several counts therein and the contentions of the parties appear in the opinion. The special demurrer was sustained to all the counts. The consideration of the questions raised by the general demurrer were postponed until the declaration should be amended in accordance with the decision on the special demurrer.

See, also *post*, 95 *Atl.* 238.

Boyce, J., delivering the opinion of the court:

This is an action of debt brought by David Cohen against the Home Insurance Company, to recover the insurance on two certain policies issued by the defendant to the plaintiff, covering certain goods and chattels mentioned therein, which property was, according to the declaration, totally destroyed by fire, while the policies were in force.

The amended declaration as filed by the plaintiff contains eight counts.

The first six counts are on the first policy which was for the term of one year, for an amount not exceeding four thousand dollars, made and delivered on the fifteenth day of September, A. D. 1913.

The seventh count is on the second policy which was also for the term of one year, for an amount not exceeding four thousand dollars, made and delivered on the first day of November, A. D. 1913.

The eighth count is on each of said policies joined in a single count.

In the first count, it is averred:

"And the said plaintiff avers that he, the said David Cohen, did at all times, except in so far as prevented by the said defendant in this behalf, and except in so far as the necessity therefor was waived by the said defendant, duly observe and fulfill all the terms and conditions in said policy set forth on the part of the said David Cohen to be observed and fulfilled."

The averment in the eighth count is the same as in the first except the word "policy" is in the plural.

The averment in the first count is contained in the second, third, fourth, fifth, sixth and seventh counts, except that the words "and except in so far as the necessity therefor was waived by the said defendant," are omitted.

Immediately after the averment contained in each of the last mentioned counts, there is added in varying form and substance an allegation setting forth facts and circumstances which is intended, according to the contention of the plaintiff, to show a substantial performance of one of the conditions of the policy, or a waiver thereof, or an estoppel in relation thereto as against the defendant. It may be said in this connection that we understand the averments referred to here to be independent of the general averments of prevention and waiver as shown above. As to the sufficiency of these averments for the purpose intended, we shall express no opinion.

The defendant has demurred both generally and specially. The general demurrer is to the second, third, fourth, fifth and sixth counts, and the special demurrer is to each of the eight counts. The case is now before the court on these demurrers.

Because of the code system in some of the states, and special statutes, in others, in relation to pleadings on insurance policies, there is much diversity in the decisions upon the questions raised by the demurrers.

The common law rules of pleading, except as modified by statutes, obtain in this state and are as applicable to insurance policies as to any other contracts with conditions to be observed and fulfilled.

[1] In considering some of the questions raised by the pleadings in this case, we think it proper to say at the outset that in declaring on insurance policies like those in question containing numerous conditions, a general allegation of performance is ordinarily sufficient; for the rule requiring performance to be specially shown, admits of relaxation when the subject comprehends such multiplicity of matter as would lead to great prolixity. *Steph. on Plead.* 336.

[2] We do not think, however, that the rule of general allegations, as against a special demurrer, can properly be extended to matters of prevention, waiver or estoppel, when relied upon in lieu of performance. The defendant has a right to know what facts are relied upon under the allegation "except in so far as prevented by the said defendant in this behalf," as well as also under the allegation "except in so far as the necessity therefor was waived by the said defendant."

It is said in 1 *Chit. on Plead.* 309:

"It is well settled that an averment of performance of a condition precedent is not sustained by proof of an excuse for nonperformance."

We think the manner of setting out the prevention or waiver of performance in the declaration is insufficient. How or by what means the defendant prevented, or waived, performance is not shown. That the plaintiff might be excused for non-performance by the prevention or waiver of the defendant must be conceded.

"But it must not be such a prevention as he chooses to call so; but it must appear on the face of his declaration to be such as warranted his discontinuing further efforts to perform." *Read v. Cisney, 4 Litt.* (14 *Ky.*) 137.

In an action against an endorser on a promissory note, it was held by this court that an excuse for delay in making demand of payment and protest must be pleaded; the court saying:

"Whenever a party is bound to allege any matter to be done by him to entitle him to an action, if he has any matter of excuse for not doing the act, he is bound to allege this matter of excuse." *Bank of Wil. and Brandywine v. Cooper's Adm., 1 Harr.* 10.

But it is contended by counsel for the plaintiff that the case of *Continental Ins. Co. v. Rosenberg, 7 Penn.* 174, 74 *Atl.* 1073, is decisive of the questions raised by the special demurrer. We do not think so. In that case the plaintiff alleged a *performavit omnia,* "except," etc., as in several counts in this case.

The defendant pleaded the general issue and special pleas. The plaintiff joined issue by adding "reps. and issues." No special demurrer was filed to the declaration, or to the replications. On the pleadings, as they stood, the plaintiff was permitted to

introduce in evidence, against a general objection, matters of substantial performance, and of waiver.

Such matters were not open under defendant's pleas after verdict. And the effect of the verdict was to establish the fact that the plaintiff had substantially performed the conditions of the policy sued upon, or that the defendant had waived their performance. The declaration with issue joined thereon came to the court at the trial with its defects, and it was to be held good after verdict, under our statute of jeofails.

It is because such a general allegation of prevention, or waiver, as in the *Rosenberg case*, leaves the door so wide open, and because the defendant is practically bound to take issue thereon unless he requires greater certainty by demurring specially, that it is always proper to do so, and not to go to trial on the declaration and general issue.

[3] Passing now to the eighth count, it is bad for joining two separate and distinct causes of action in a single count.

Therefore, for reasons given, the special demurrer is sustained both as to all the counts in general and as to the eighth count in particular.

The questions of law raised by the general demurrer are of a special importance in view of the few decisions in this state, and the contrariety of the decisions in other states, bearing upon actions on policies of insurance. We think these questions should be considered only after the most careful presentation and study; and they could more properly be brought before this court after the declaration has been amended in accordance with our ruling upon the special demurrer.

We do not wish to delay the trial of this case upon its merits, or to put off unnecessarily matters which must ultimately be decided; but our present inclination, from the hasty study of the questions raised by the general demurrer, such as we have been obliged to give to them, in the midst of jury trials, and other arguments during the term, is that these questions are well worthy of a hearing before the court in banc, in order that some at least, of the more difficult matters connected with the law of insurance may be decided here.

We shall, therefore, not pass upon the questions raised by the general demurrer.

The special demurrer to all the counts in the declaration is sustained.